2

J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
DAVID R. WIKSELL, State Bar #272490
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for J. Michael Hopper
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

STACEY M. CRANDALL

Debtor.

Case No. 09-36774-B-7
Chapter 7

DNL-6

Date:     November 8, 2011
Time:     9:32 a.m.
Location: 501 I Street, 6th Floor
          Department B
          Sacramento, CA 95814

## MOTION FOR TURNOVER OF POST-CONVERSION REAL PROPERTY RENTS

Chapter 7 trustee J. MICHAEL HOPPER ("Trustee"), in his capacity as Chapter 7 trustee for the bankruptcy estate of STACY M. CRANDALL ("Debtor"), hereby moves for an order compelling the Debtor to account for and turnover all rents derived from property of the bankruptcy estate after this case was converted from Chapter 11 to Chapter 7, in an amount no less than $15,000. In support thereof, it is represented that:

### JURISDICTION AND BACKGROUND

1. Jurisdiction for this motion exists pursuant to 11 U.S.C. Sections 1334 and 157(b)(2)(E) and 11 U.S.C. Section 542(a).

2. On August 9, 2009, the Debtor commenced the above-captioned bankruptcy case by filing a voluntary Chapter 11 petition.

1

3. On May 24, 2011, this case was converted to Chapter 7. Trustee is the duly appointed Chapter 7 trustee of the Debtor's bankruptcy estate.

4. The Debtor's amended Schedule I, filed on September 16, 2011, discloses income from real property in the amount of $2,500 per month.

5. On October 21, 2011, Trustee examined the Debtor at her 341 meeting of creditors regarding, among other things: (a) the single family residence commonly known as 5724 North Avenue, Carmichael, California ("5724 North Avenue"); and the residential duplex commonly known as 6300 La Cienaga Drive, North Highlands, California ("6300 La Cienaga Drive"). The Debtor's original Schedule A, filed on August 7, 2009, identifies 5724 North Avenue and 630 La Cienaga (hereinafter collectively "Rental Properties") as real property held in fee simple by the Debtor. The Debtor testified that 5724 North Avenue and both units at 6300 La Cienaga Drive are occupied by tenants who pay at the end of each month. The Debtor confirmed that the tenants had received Trustee's September 30, 2011 written demands for the rents. The Debtor testified that she had instructed the tenants to not comply with the demand if her discharge is entered. The Debtor testified that no debt secured by 5724 North Avenue had been paid since 2008, i.e. about a year before she filed bankruptcy.

6. To date, Trustee has not received any of the post-petition rents derived from the Rental Properties, including the $15,000 ($2,500/month x 6 months) conceded in the amendment.

7. The Debtor's interest in the Rental Properties, and the income derived therefrom, are property of the Debtor's bankruptcy estate. 11 U.S.C. Section 541(a)(1). Since they are not of inconsequential value or benefit to the estate, the Debtor is obligated to deliver to Trustee, and account for, such property or the value of such property. 11 U.S.C. Section 542(a).

**WHEREFORE**, Trustee prays that the motion be granted, and for such other and further relief as is necessary and proper.

Dated: October __, 2011  DESMOND, NOLAN, LIVAICH & CUNNINGHAM

By: _____
J. RUSSELL CUNNINGHAM
Attorneys for J. Michael Hopper
Chapter 7 Trustee

2